IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL SANDERS,

        Plaintiff,

  vs.                                                                                                                        No. CIV 08-921 WPL/LFG

GIANT INDUSTRIES, INC.,
WESTERN REFINING, INC.,

        Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL**

THIS MATTER comes before the Court on Plaintiff Michael Sanders ("Sanders")'s Motion to Compel [Doc. 41], filed June 1, 2009.[1] Sanders seeks to compel responses by Defendant Giant Industries, Inc. ("Giant") to Plaintiff's First Set of Interrogatories and Requests for Production. Giant filed its Response [Doc. 49] on June 17, 2009, and Sanders filed a Reply [Doc. 53] on July 6, 2009. The Motion is fully briefed and ready for ruling.

**Factual and Procedural Background**

Sanders filed a Complaint against Giant and another defendant, asserting causes of action for employment discrimination under the Americans With Disabilities Act ("ADA") the New Mexico Human Rights Act ("NMHRA"), and other claims. Sanders alleges that on April 8, 2004, he was severely injured in an explosion while working at Giant's Cinizia Refinery in New Mexico. Among other injuries, he lost all of the fingers on one hand and was blinded in both eyes. He has undergone numerous surgical procedures and was hospitalized for more than one year after the explosion.

He alleges further that, after extensive medical treatment, he regained the ability to work.

---

[1] The Court also considered Sanders's Notice of Errata [Doc. 43] with respect to the Motion to Compel.

He says that in May 2006 he contacted Giant, requesting that the company engage in discussions concerning his return to work, but that Giant refused to offer him any suggestions as to employment opportunities in light of his limitations, and that Giant failed to engage in the interactive process contemplated by the ADA and NMHRA.  In addition, Sanders says he spoke out in opposition to unsafe conditions at the Ciniza refinery and filed a lawsuit against Giant based on his claim that these unsafe conditions caused his injuries.  Ultimately, he says, Giant terminated him despite his willingness to return to work, in retaliation for his protests and the filing of the lawsuit.

Sanders alleges unlawful discrimination based on physical impairments, as prohibited by the NMHRA, in that he requested information from Giant regarding what positions it had available that he could perform given the nature of his disabilities, but that Giant was unwilling to assist him in finding a position with the company.  Sanders further alleges unlawful discrimination under the ADA in that Giant refused to make any accommodation so as to permit him to return to work and failed to meaningfully engage in the interactive process required by the statute.  He also brings common law claims for retaliatory discharge, intentional infliction of emotional distress, breach of contract and breach of the convenant of good faith and fair dealing.  He seeks relief including reinstatement, damages and attorney fees.

Giant denies most of the allegations of the complaint and asserts affirmative defenses.  In particular, Giant alleges that in February 2006 when Natalie Dopp, the Vice President of Human Resources of Giant Industries Arizona, Inc., asked Sanders if he was capable of returning to work in any capacity, Sanders responded that he could not return to work because he had not been released to work by his physicians.

Giant further contends that Sanders was never released to return to work by his doctors and, despite knowing that he could not work in any capacity, his attorney "disingenuously" asked whether there were any openings at Giant.  Giant says it told Sanders it would be glad to work with him to identify possible accommodations once he was released to work by his physician, but it was not appropriate to speculate about what jobs he might be able to do until such a release was issued.

Giant also contends that Sanders never responded to its repeated inquiries as to whether he had been released to return to work.

On March 4, 2009, Sanders served a First Set of Interrogatories and Requests for Production on Giant [*see* Doc. 16]. Giant served its Answers, Responses and Objections to these discovery requests on April 10, 2009 [*see* Doc. 32]. Being dissatisfied with the responses, Sanders filed the present Motion to Compel on June 1, 2009.

## **Timeliness**

In its Response to the Motion to Compel, Giant raises the issue of untimeliness of Sanders's Motion under D.N.M.LR-Civ. 26.6. The Court finds that the Motion to Compel was timely.

Local Rule 26.6 provides that a party served with objections to discovery requests must proceed under Rule 37(a), FED. R. CIV. P., within 20 days after service of the objections. Sanders did not file his Rule 37 motion until 52 days after service. However, the Local Rule further provides that in situations where: "the response specifies that documents will be produced or inspection allowed . . ., the party must proceed under D.N.M.LR-Civ. 37.1 within twenty (20) calendar days after production or inspection of the documents."

After Giant's answers and objections to the discovery requests were served, the parties engaged in back-and-forth communication regarding several of the requests to which objections had been raised. Giant's counsel agreed to provide supplementation to certain of these requests and did in fact provide some further supplementation by the June 12, 2009 deadline that had been agreed between the parties. Sanders was not required to proceed until Rule 37 while these negotiations were ongoing and until he finally ascertained that not all of the requests had been answered to his satisfaction. The Motion to Compel was filed within 20 days of June 12.

The Court finds that Sanders's Motion to Compel was filed in compliance with Local Rule 26.6 and to the extent, if any, that the Motion exceeded the 20-day requirement, the Court finds that good cause was shown for the delay.

3

**Interrogatory No. 1 and RFP No. 8**

The parties agree that there is no longer any dispute with regard to Interrogatory No. 1 and Request For Production No. 8. [*See*, Doc. 49, at 4; Doc. 53, at 3-4].

**Request for Production No. 3**

In this Request, Sanders asks Giant to provide all documents in its possession evidencing or relating to the essential functions of any vacant positions with any Giant entity in New Mexico or Arizona between May 4, 2006 and January 8, 2007.

Giant objected on grounds of relevance, overbreadth and undue burden. It argued that Sanders was never released to return to work, and production of information regarding vacant positions is therefore not relevant to the case because no determination could be made as to any positions for which Sanders was qualified. Giant contends that no theory pled by Sanders would require Giant to give him a raise or promotion, or place him in a position that required additional training, as a reasonable accommodation. In addition, Giant says the request is overly broad in that it asks for "all . . . documents relating to the essential function of any vacant positions."

Without waiving the objections, Giant agreed to produce the job titles and descriptions for all vacant positions with any Giant entity in New Mexico or Arizona, between the requested dates, that paid the same or a lower hourly rate or salary than what Sanders was making at the time of his termination.

Sanders argues that, while the parties will have to litigate whether he was entitled to consideration for jobs that would have paid a higher hourly rate or salary than his previous job, there is nothing in the employee handbooks or policies that place any such restriction on an individual's ability to transfer positions to accommodate a disability.

The portion of the employee handbook attached to Sanders's Motion [Doc. 41, Ex. D] provides that reassignment, as a form of reasonable accommodation, is provided to employees who because of a disability can no longer perform the essential functions of their job with or without reasonable accommodation. Reassignments are made to vacant positions and to employees who are

qualified for the position.

Other portions of the employee handbook, attached to Giant's Response [Doc. 49, Ex. E] state that, in considering whether there are positions available for reassignment, the company will first focus on positions which are equivalent to the current position; then it will consider vacant lower level positions for which the individual is qualified. Giant notes that promotion to a higher level position is not required under either the ADA or NMHRA as a reasonable accommodation, citing Frazier v. Simmons, 254 F.3d 1247, 1263 (10th Cir. 2001) ("An employer does not have to consider reassignment positions that constitute a promotion"); and Albert v. Smith's Food & Drug Centers, Inc., 356 F.3d 1242 (10th Cir. 2004). Thus, Giant argues, information about positions that would constitute a promotion or pay raise would never be relevant to Sanders's claims in this lawsuit.

The Court agrees that information regarding vacant positions that would constitute a promotion is irrelevant. As the Tenth Circuit noted in Smith v. Midland Brake, Inc., 180 F.3d 1154, 1176-77 (10th Cir. 1999):

> The ADA is designed to prevent discrimination against a qualified individual with a disability. It is not a statute giving rise to a right to advancement. Thus, the only positions that need to be considered for a reassignment are those that are not promotions. See White [v. York Int'l. Corp.], 45 F.3d [357] at 362 [(10th Cir. 1995)] ("[T]he ADA does not require an employer to promote a disabled employee as an accommodation."); Malabarba v. Chicago Tribune Co., 149 F.3d 690, 699 (7th Cir.1998) ("[A]n employer does not have to accommodate a disabled employee by promoting him or her to a higher level position."); Cassidy [v. Detroit Edison Co.], 138 F.3d [629] at 634 [6th Cir. 1998)] ("[A] reassignment will not require ... promoting the disabled employee."); 29 C.F.R. Pt. 1630, App. § 1630.2(o) ("It should also be noted that an employer is not required to promote an individual with a disability as an accommodation.") (citing Senate and House Reports); EEOC Guidance, at 40 ("Reassignment does not include giving an employee a promotion. Thus, an employee must compete for any vacant position that would constitute a promotion.")

The Tenth Circuit, in the case of Albert v. Smith's Food & Drug Centers, Inc., *supra*, at 1254-56, concluded that the New Mexico courts would hold that reassignment is not required as a reasonable accommodation under the NMHRA.

Thus, the Court finds that Sanders's request for information as to vacant positions at a higher rate of pay or salary is not relevant to the claims and defenses herein. Giant's objection is sustained on grounds of relevancy, and no further response to this RFP is required.

**Request for Production No. 5**

In this Request, Sanders asks Giant to produce any non-privileged letter, memorandum, e-mail, calendar notice, or other document created between April 8, 2004 (the date Sanders was injured in the refinery explosion) and January 8, 2007 (the date of his termination) "that discusses, references, or makes mention of Michael Sanders."

Giant objects on grounds of relevance, vagueness, overbreadth and undue burden, arguing that the request "seeks every document merely mentioning Plaintiff's name" and covers a time period beyond what is relevant to the claims and defenses. Giant notes that the request would require it to produce documents related to Sanders's Ciniza refinery accident, which "would not be relevant to his employment claims in this suit." Giant states further that it has already produced over 500,000 documents in Sanders's state court personal injury action.

Without waiving the objections, Giant agreed to produce documents from February 16, 2006, when Natalie Dopp wrote to Sanders asking if he could return to work in any capacity, to January 8, 2007, the date of termination, that pertain to Sanders's physical condition, his possible return to work, and his discharge.

Sanders argues that documents created from the date of the accident through the date of termination are all potentially relevant to the claims in this action, because the documents could provide information regarding Giant's motivation in terminating Sanders, for example information on the issue of whether Giant "prejudged Mr. Sanders' medical condition or his ability to return to work in any capacity."

Giant counters that the first inquiry it made regarding Sanders's return-to-work status in relation to his medical condition was on February 16, 2006, and it is illogical that documents before this date would tend to show whether or not Giant prejudged Sanders's medical condition or his

ability to return to work.  In his Reply, Sanders states that he knows that Giant had a nurse case manager assigned to Sanders's case shortly after the refinery accident and that this nurse was making routine reports back to Giant's Human Resources Department.  Sanders states further that "we believe there are other responsive communications internally about Mr. Sanders."

The Court agrees that the request is generally overly broad.  Under the principle of proportionality, it is appropriate for the Court to limit Sanders's discovery request.

> [T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

FED. R. CIV. P. Rule 26(b)(2)(C).

Giant need not produce every document it created between the requested dates that merely mentions Sanders's name.  In addition, the request for "other responsive communications" is too vague to allow for a response.  However, any documents sent by Sanders's nurse case manager to Giant's Human Resources Department, dealing with Sanders's ability or non-ability to return to work, are relevant and the request is sufficiently specific to permit a response.  The Court's limitation is consistent with its obligation to strike a balance between Sanders's need for information and the burdens imposed on Giant in providing what was sought.  *See*, Koch v. Koch Indus., 203 F.3d 1202, 1238 (10th Cir. 2000); Burka v. U.S. Dep't of Health & Human Servs., 87 F.3d 508, 517 (D.C. Cir. 1996).  Giant is directed to produce all documents sent by Sanders's nurse case manager to the Human Resources Department, dealing with his ability or non-ability to return to work, which were created between April 8, 2004 and January 8, 2007.

**Order**

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel [Doc. 41] is granted in part and denied in part.  Giant must produce all documents responsive to RFP No. 5, as described above, within ten days of the date of this Order.

_____
Lorenzo F. Garcia
Chief United States Magistrate Judge